UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MARYLND
(BALTIMORE DIVISION)

**RYAN MORRIS**
**8757 Georgia Avenue, Suite 400**
**Silver Spring, Maryland 20910**

*Individually and on Behalf of*
*All Others Similarly Situated,*

      **Plaintiff,**

 v.                                                                              **CASE NO.**

**PP&G, INC.**
**D/B/A NORMA JEANS GENTLEMEN'S CLUB**
**100 Custom House Avenue**
**Baltimore, Maryland 21202**

**SERVE:  Peter A. Prevas, Esq.**
**231 East Baltimore Street, Suite 702**
**Baltimore, Maryland 21202**

      **Defendant.**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**PRELIMINARY STATEMENT**

1. This is a collective and class action brought by Plaintiff Ryan Morris ("Plaintiff"), individually and on behalf of the members of the proposed classes identified below.

2. Plaintiff and the putative class members are and/or or were employees of PP&G, Inc. d/b/a the Norma Jeans Gentlemen's Club, operating throughout the relevant period at 100 Custom House Avenue Baltimore, Maryland 21202 ("Norma Jeans Club" or "Defendant") during the period December 2019 through the present ("the relevant period").

3. During the relevant period, the Norma Jeans Club has had uniform policies and practices misclassifying its exotic dancer workforce, including Plaintiff and the proposed class members, as a non-employee contractors, failing to pay minimum wages compensation to its exotic dancer workforce, including Plaintiff and the proposed class members, and charging unlawful kickbacks and/or wage deductions and taking and assigning tips and gratuities from its exotic dancer workforce, including Plaintiff and the proposed class members, for all hours worked in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Maryland law.

4. As a result, Norma Jeans Club has denied Plaintiff and the putative class members of minimum wage compensation and retention of tips and gratuities in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as minimum wages and unlawfully deducted and wages in violation of Maryland law.

5. Plaintiff brings this action individually and on behalf of other similarly situated current and former Norma Jeans Club exotic dancer employees, as a collective action pursuant to the FLSA for the purpose of obtaining relief under the FLSA for unpaid minimum wages, recovery of unlawfully assigned or withheld tips, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

6. Plaintiff brings this action individually and on behalf of other similarly situated current and former Norma Jeans Club exotic dancer employees, as a class action pursuant to the Maryland Wage Hour Law ("MWHL") and the Maryland Wage Payment Act ("MWPCL") for the purpose of obtaining relief under Maryland law for unpaid minimum wages, recovery of unlawfully assigned or withheld tips, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

**JURISDICTION AND VENUE**

7. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

8. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the District of Maryland, Baltimore Division, because a substantial part of the events or omissions giving rise to the claims occurred within Baltimore City, Maryland, and Defendant has had substantial and systematic contacts within Baltimore City, Maryland, within the relevant statutory periods.

**PARTIES**

10. The Norma Jeans Club is a corporation, formed under the laws of the State of Maryland, with its principal place of business in Baltimore City, Maryland.

11. During the relevant period, the Norma Jeans Club operated as a gentlemen's club, featuring female nude and semi-nude exotic dancers, in Baltimore City, Maryland.

12. During the relevant period, ownership and managers of the Norma Jeans Club oversaw the day-to-day operations of Norma Jeans Club and individually and collectively had full operational control of the gentlemen's club including control over all human resources and compensation aspects of its operation, held authority to hire, fire, and discipline the gentlemen's club's employees, including its exotic dancers, made decisions to misclassify the gentlemen's club's exotic dancers as independent contractors rather than as employees, and set and

determined the rates and methods of compensation for the gentlemen's club's employees, including its exotic dancers.

13. Plaintiff is an adult resident of Milwaukee, Maryland.

14. Plaintiff's consent to participate as a plaintiff in an FLSA Collective Action is attached hereto as Exhibit 1.

15. Plaintiff was employed by the Norma Jeans Club in Baltimore City, Maryland, as an exotic dancer working or performing for, in, or at Defendant's Norma Jeans Gentlemen's Club under the stage names "Brittany," "Tommy," and/or "Molly" during the period 2006 through about 2010; 2014 through 2017; 2019 – Mid-March 2020; and finally, during the period of about August 2020 through about September 2021.

16. Plaintiff brings this action on behalf of herself and all other similarly situated employees in the FLSA Minimum Wage Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The FLSA Minimum Wage Class is defined as follows:

> All persons who worked or performed as exotic dancers for, in, or at the Norma Jeans Club during the period December 2019 through the date of judgment in this case (hereafter, "the FLSA Minimum Wage Class").

17. Plaintiff brings this action on behalf of herself and all other similarly situated employees in sub-classes under the MWHL and MWPCL pursuant to FED.R.CIV.P. 23. The MWHL and MWPCL sub-classes are defined as follows:

> All persons who worked or performed as exotic dancers for, in, or at the Norma Jeans Club during the period December 2019 through the date of judgment in this case (hereafter, "the Maryland Classes").

18. The FLSA Minimum Wage Class, the Maryland Classes will be referred to collectively hereinafter as the "the Classes."

## **GENERAL ALLEGATIONS**

19. Plaintiff and the members of the Classes worked or performed as exotic dancers for, in, or at Defendant's Norma Jeans Club during the period December 2019 through the date of judgment in this case.

20. During the relevant period, Norma Jeans Club operated a gentleman's club providing live entertainment to its customers in the form of live nude and/or semi-nude exotic dancers for the entertainment of its customers in Baltimore City, Maryland.

21. During the relevant period, Plaintiff and the members of the Classes dance and/or danced to music which Norma Jeans Club streams and/or streamed over the internet. The internet is an instrumentality of commerce. A significant portion of the dances are performed to music which is streamed over the internet and therefore, Plaintiff and the members of the Classes use and/or used instrumentalities of commerce while performing all dances each workday.

22. During the relevant period, Norma Jeans Club had a cashier who takes payments for all dances performed by Plaintiff and the members of the Classes. The cashier processes numerous credit card transactions each day Norma Jeans Club is and/or was open.

23. During the relevant period, Norma Jeans Club served beer and liquor which is brewed/distilled outside of Maryland, along with soda which was also manufactured outside of Maryland.

24. In each year relevant, Norma Jeans Club had gross sales or revenue exceeding $500,000.00.

25. During the relevant period, Norma Jeans Club labeled and/or classified Plaintiff and the members of the Classes as non-employee contractors and not as employees.

26. Despite its misclassification of Plaintiff and the members of the Classes as non-employee contractors, during the relevant period, Norma Jeans Club retained the absolute right

and authority to control and direct the exotic dancer work duties performed by Plaintiff and the members of the Classes inside the Norma Jeans Club.

27. During the relevant period, Norma Jeans Club required Plaintiff and the members of the Classes to show up and dance on stage at set times and subjects and/or subjected Plaintiff members of the Classes to discipline and/or fines for failing to follow the Norma Jeans Club's rules, procedures, policies, and codes of conduct.

28. During the relevant period, the Norma Jeans Club required Plaintiff and the members of the Classes to adhere to and follow prescribed rules, procedures, polices, and codes of conduct regarding breaks and how, when, and where to dance working or performing as exotic dancers for, at, or in the Norma Jeans Club.

29. During the relevant period, the Norma Jeans Club set the rate which Plaintiff and the members of the Classes were restricted to and permitted to charge for private and/or semi-private dances for the Norma Jeans Club's customers.

30. During the relevant period, Plaintiff and the members of the Classes provide and provided the very service the Norma Jeans Club primarily offered – exotic dancing services for the entertainment of the Norma Jeans Club's customers.

31. While employed during the relevant period, Plaintiff regularly and customarily worked or performed between two (2) to four (4) shifts per week as an exotic dancer for, in, or at the Norma Jeans Club.

32. While employed during the relevant period, each shift Plaintiff worked or performed as an exotic dancer for, in, or at the Norma Jeans Club lasted approximately five (5) to seven (7) hours.

33. During the relevant period, the Norma Jeans Club, by and through direct supervision by its managers, house mom, and other employees and/or contractors had actual knowledge of all hours Plaintiff and the members of the Classes worked or performed as exotic dancers for, at, or in the Norma Jeans Club.

34. During the relevant period, the Norma Jeans Club did not pay any wages or any form of compensation to Plaintiff and the members of the Classes for exotic dancer work duties performed for, in, or at the Norma Jeans Club.

35. During the relevant period, Plaintiff and the members of the Classes received compensation exclusively in the form of tips paid directly by Norma Jeans Club's customers.

36. During the relevant period, Plaintiff and the members of the Classes each qualified as the Norma Jeans Club's tipped employees under the FLSA and Maryland law.

37. During the relevant period, instead of paying wages or compensation to Plaintiff and the members of the Classes, the Norma Jeans Club and/or its managers charged and/or deducted unlawful kickbacks each from Plaintiff and the members of the Classes including a per-shift house fee kickback or deduction $45.00 to $100.00 paid to the Norma Jeans Club each shift depending on arrival time.

38. During the relevant period, the Norma Jeans Club and/or its managers deducted and/or assigned tips and/or gratuities received from by Plaintiff and the members of the Classes from the Norma Jeans Club's customers including mandatory payment or assignment of tips to the Norma Jeans Club's managers, supervisors, and non-dancer vendors and/or assignees in an amount ranging from about $40.00 to $100.00 per shift.

39. Norma Jeans Club cannot claim FLSA or Maryland "tip credit" compliance because Norma Jeans Club does and did not pay Plaintiff or the members of the Classes an

hourly wage at or meeting the Federal or Maryland "tip credit" minimum wage or any wages at all.

40. Norma Jeans Club cannot claim the FLSA or Maryland "tip credit" because Norma Jeans Club does not and did not provide Plaintiff or the members of the Classes with notice that Norma Jeans Club was or would be paying pursuant to the "tip credit" or what the "tip credit" methodology would entail.

41. Norma Jeans Club cannot claim the FLSA or Maryland "tip credit" because Norma Jeans Club does not and did not allow Plaintiff or the members of the Classes to keep and retain all tips received from customers.

42. Prior to the period relevant to this action, Norma Jeans was subject to one or more lawsuits by current or former exotic dancers wherein the current or former exotic dancers alleged FLSA and Maryland minimum wage and/or wage payment violations nearly identical to those alleged in this action on behalf of Plaintiff and the members of the Classes.

43. Arising from the Norma Jeans Club's participation is past substantially similar prior litigation, prior to and during the period relevant to this action, the Norma Jeans Club had actual knowledge that its misclassification of Plaintiff and the members of the Classes, its failure to pay wages to Plaintiff and the members of the Classes at or above the applicable Federal and Maryland Minimum Wage, and its charging and/or assignment of kickbacks and/or tip deductions against Plaintiff and the members of the Classes was and continues to be in direct violation of the FLSA, the MWHL, and the MWPCL.

44. Norma Jeans Club's conduct and violations of the FLSA, MWHL, and MWPCL, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff the members of the Classes.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

45. Plaintiff and the FLSA Minimum Wage Class bring this action on behalf of similarly situated individuals that work(ed) and/or perform(ed) for, at, or in Norma Jeans Club's gentlemen's club that were (i) misclassified as non-employee contractors; (ii) were not paid wages for hours worked at or above the Federal Minimum Wage rate; (iii) were subject to unlawful kickback deductions in violation of the FLSA; and (iv) that were subject to unlawful tip deductions and/or assignments in violation of the FLSA.

46. The FLSA claims of Plaintiff stated herein are the same or substantially similar to the FLSA claims of the FLSA Minimum Wage Class Plaintiff seeks to represent.

47. Plaintiff and the FLSA Minimum Wage Class seek relief on a collective basis and challenge Norma Jeans Club's policies and practices which lead to the class wide FLSA wage payment violations herein identified.

48. As a result of the above alleged uniform pay practices, the Norma Jeans Club has failed to pay Plaintiff and the FLSA Minimum Wage Class in compliance with the FLSA Minimum Wage requirements for the entirety of the relevant period.

49. The members of the FLSA Minimum Wage Class are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Norma Jeans Club. Notice can be provided to the FLSA Minimum Wage Class via first class mail, electronic mail, and text message to the last mailing address, email address, and phone number(s) known to Norma Jeans Club and through posting at Norma Jeans Club's facility in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS - MARYLAND

50. Plaintiff brings her MWHL and MWPCL state law claims in MWHL and MWPCL as a class action in MWHL and MWPCL sub-classes under FED. R. CIV. P. 23 on behalf of the Maryland Classes for violations occurring on or after December 2019.

51. The members of the MWHL and MWPCL sub-classes of the Maryland Classes are readily ascertainable from records in Norma Jeans Club's possession, custody, or control.

52. The MWHL and MWPCL sub-classes of the Maryland Classes are each so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Norma Jeans Club, upon information and belief, there are at least one hundred (100) members in the MWHL and MWPCL sub-classes Maryland Classes.

53. Plaintiff's MWHL and MWPCL claims of the MWHL and MWPCL claims of the members of the MWHL and MWPCL sub-classes of the Maryland Classes arise from the Norma Jeans Club's (i) class-wide misclassification of Plaintiff and the members of the Maryland Classes as non-employee contractors; (ii) failure to pay direct wages to Plaintiff and the members of the Maryland Classes at an hourly rate at least equal to the Maryland Minimum Wage; (iii) charging and/or deductions of kickbacks and/or per-shift "house fees" from Plaintiff and the members of the Maryland Classes; and (iv) deductions and/or assignments of tips and/or gratuities from Plaintiff and the members of the Maryland Classes.

54. Plaintiff's MWHL and MWPCL claims are typical of those claims which could be alleged by any member of the MWHL or MWPCL sub-class of the Maryland Classes and the relief sought is typical of the relief which would be sought by each member of the MWHL and MWPCL sub-classes of the Maryland Classes in separate actions.

55. Plaintiff and the members of the MWHL and MWPCL sub-classes of the Maryland Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures perpetrated by the Norma Jeans Club during the relevant period in violation of the MWHL and the MWPCL.

56. Plaintiff and Plaintiff's counsel can fairly and adequately protect the interests of the Maryland Classes and has no interests antagonistic to the members of the members of the MWHL or MWPCL sub-classes of the Maryland Classes.

57. There are questions of fact and law common to the MWHL and MWPCL claims belonging to Plaintiff and the members of the MWPCL and MWPCL sub-classes of the Maryland Classes that predominate over any questions affecting only individual members, such as:

   a) Whether Plaintiff and the members of the Maryland Classes were the Norma Jeans Club's employees under the MWHL and the MWPCL;

   b) Whether Norma Jeans Club violated the MWHL and the MWPCL by failing to fully and timely pay Plaintiff and the Members of the Maryland Classes direct wages the applicable Maryland Minimum Wage rate for all hours worked;

   c) Whether Norma Jeans Club violated the MWHL and the MWPCL by charging a kickback "house fee" against Plaintiff and the members of the Maryland Classes each shift worked;

   d) Whether Norma Jeans Club violated the MWHL and the MWPCL by deducting tips and/or gratuities received by Plaintiff and the members of the Maryland Classes and assigning payment of the same to the Norma Jeans Club's non-dancer vendors and/or assignees; and

e) Whether Norma Jeans Club's violations of the MWHL and the MWPCL was willful, intentional, the product of good faith, or arose from a bona fide dispute by or between Defendant and Plaintiff and the members of the Maryland Classes.

58. A class action divided into MWHL and MWPCL sub-classes is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs bringing claims under the MWHL and/or MWPCL lack the financial resources to vigorously prosecute separate lawsuits in Federal Court, particularly those with relatively small claims.

59. The questions set forth above related to the MWHL and MWPCL claims by Plaintiff and the members of the MWHL and MWPCL sub-classes of the Maryland Classes predominate over any questions affecting only individual persons, and a class action divided into MWHL and MWPCL sub-classes promotes consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

## COUNT I
## Violation of the Fair Labor Standards Act of 1938 as Amended

60. Plaintiff, on behalf of herself and the FLSA Minimum Wage Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

61. During the relevant period, the Norma Jeans Club was an employer of Plaintiff and the FLSA Minimum Wage Class as defined under the FLSA.

62. As a result of the above alleged practices, Norma Jeans Club violated the FLSA by failing to compensate Plaintiff and the FLSA Minimum Wage Class for all hours worked at the Federal Minimum Wage rate during the relevant period.

63. As a result of the above alleged practices, the Norma Jeans Club violated the FLSA by charging and deducting unlawful wage kickbacks and/or wage and/or tip assignments against Plaintiff and the FLSA Minimum Wage Class during the relevant period.

64. Plaintiff and the FLSA Minimum Wage Class are owed and entitled to payment of FLSA minimum wage compensation equal to (i) reimbursement of all deducted, assigned, and/or withheld kickback charges and tip and/or gratuity deductions and/or assignments and (ii) payment of direct wages at the "free and clear" Federal Minimum Wage rate for all hours worked during the relevant period.

65. Prior to and during the relevant period, Norma Jeans Club had actual and/or constructive knowledge of the FLSA Minimum Wage and wage payment requirements and the Norma Jeans Club's failure to abide by the same in compensating Plaintiff and the FLSA Minimum Wage Class was willful, knowing and intentional or, at minimum, reckless.

66. Norma Jeans Club's failure to properly compensate Plaintiff and the FLSA Minimum Wage Class during the relevant period as required by the FLSA was not the product of good faith on the part of Norma Jeans Club.

## COUNT II
## Violation of Maryland Law – Unpaid Minimum Wages (MWHL)

67. Plaintiff, on behalf of herself and the members of the MWHL sub-class of the Maryland Classes, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

68. During the relevant period, Plaintiff and the members of the MWHL sub-class of the Maryland Classes performed exotic dancer employment duties for the primary benefit of Norma Jeans Club for, at, or in the Norma Jeans Club within Baltimore City, Maryland.

69. During the relevant period, the Norma Jeans Club was an employer of Plaintiff and the members of the MWHL sub-class of the Maryland Classes as defined under the MWHL.

70. As a result of the above alleged practices, Norma Jeans Club violated the MWHL by failing to compensate Plaintiff and the members of the MWHL sub-class of the Maryland Classes for all hours worked at the Maryland Minimum Wage during the relevant period.

71. As a result of the above alleged practices, the Norma Jeans Club violated the MWHL by charging and deducting unlawful wage kickbacks and/or wage and/or tip assignments against Plaintiff and the members of the MWHL sub-class of the Maryland Classes during the relevant period.

72. Plaintiff and the members of the MWHL sub-class are owed and entitled payment to unpaid wages equal to (i) reimbursement of all deducted, assigned, and/or withheld kickback charges and tip and/or gratuity deductions and/or assignments and (ii) payment of direct wages at the "free and clear" Maryland Minimum Wage rate for all hours worked during the relevant period.

73. Prior to and during the relevant period, Norma Jeans Club had actual and/or constructive knowledge of the Maryland Minimum Wage and the MWHL wage payment requirements and the Norma Jeans Club's failure to abide by the same in compensating Plaintiff and the members of the MWHL sub-class of the Maryland Classes was willful, knowing and intentional or, at minimum, reckless.

74. Norma Jeans Club's failure to properly compensate Plaintiff and the members of the MWHL sub-class of the Maryland Classes during the relevant period as required by the MWHL was not the product of good faith on the part of Norma Jeans Club.

## COUNT III
**Violation of Maryland Law**

### Unlawful Deductions/Failure to Pay Full and Timely Wages
### Required by Maryland Law (MWPCL)

75. Plaintiff, on behalf of herself and the members of the MWPCL sub-class of the Maryland Classes, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

76. During the relevant period, Plaintiff and the members of the MWPCL sub-class of the Maryland Classes performed exotic dancer employment duties for the primary benefit of Norma Jeans Club for, at, or in the Norma Jeans Club within Baltimore City, Maryland.

77. During the relevant period, the Norma Jeans Club was an employer of Plaintiff and the members of the MWHL sub-class of the Maryland Classes as defined under the MWPCL.

78. As a result of the above alleged practices, Norma Jeans Club violated the MWPCL by failing to fully and timely compensate Plaintiff and the members of the MWPCL sub-class of the Maryland Classes all wages earned and due and owing for all hours worked at the Maryland Minimum Wage as required by Maryland law during the relevant period.

79. As a result of the above alleged practices, the Norma Jeans Club violated the MWPCL by charging and deducting unlawful wage kickbacks and/or wage and/or tip assignments against Plaintiff and the members of the MWPCL sub-class of the Maryland Classes resulting in unlawful deductions and/or a failure by the Norma Jeans Club to fully and timely pay all wages earned and due and owing for all hours worked during the relevant period.

80. Plaintiff and the members of the MWPCL sub-class are owed and entitled to unpaid Maryland unpaid wages equal to (i) reimbursement of all deducted, assigned, and/or withheld kickback charges and tip and/or gratuity deductions and/or assignments and (ii)

payment of direct wages at the "free and clear" Maryland Minimum Wage rate for all hours worked during the relevant period.

81. Prior to and during the relevant period, Norma Jeans Club had actual and/or constructive knowledge of the Maryland and MWPCL wage payment requirements and the Norma Jeans Club's failure to abide by the same in compensating Plaintiff and the members of the MWPCL sub-class of the Maryland Classes was willful, knowing and intentional or, at minimum, reckless.

82. Norma Jeans Club's failure to properly full and timely compensate Plaintiff and the members of the MWPCL sub-class of the Maryland Classes earned wages during the relevant period as required by the Maryland law and the MWPCL was not the product of good faith on the part of Norma Jeans Club or a bona fide dispute by or between the Norma Jeans Club and Plaintiff or the members of the MWPCL sub-class of the Maryland Classes.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and on the behalf of all members of the Classes requests the following relief:

a) An order designating this action as a collective action on behalf of the Plaintiff and the FLSA Minimum Wage Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Minimum Wage Class;

b) An order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed MWHL and MWPCL sub-classes of the Maryland Classes;

c) An order designating the Plaintiff as representative of the FLSA Minimum Wage Class and the MWHL and MWPCL sub-classes of the Maryland Classes and

appointment of Plaintiff's counsel as counsel for the FLSA Minimum Wage Class and the MWHL and MWPCL sub-classes of the Maryland Classes;

d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

e) An order finding that Norma Jeans Club violated the FLSA, MWHL, and the MWPCL;

f) An order finding Norma Jeans Club's violations of the FLSA, MWHL, and MWPCL were not the product of good faith;

g) An order finding Norma Jeans Club's violations of the FLSA, MWHL, and MWPCL were willful;

h) Judgment against Norma Jeans Club and in favor of Plaintiff and the members of the FLSA Minimum Wage Class and the Maryland Classes equal (i) reimbursement of all deducted, assigned, and/or withheld kickback charges and tip and/or gratuity deductions and/or assignments and (ii) payment of direct wages at the "free and clear" applicable minimum wage rate for all hours worked during the relevant period.

i) An award against Norma Jeans Club and in favor of Plaintiff and the members of the FLSA Minimum Wage Class and the Maryland Classes in the full amount of all available liquidated damages and penalties as provided under the FLSA, MWHL, and MWPCL;

j) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

k) Such further relief as the Court deems just and equitable.

Dated this 30th day of November 2022        Respectfully submitted,

ZIPIN, AMSTER & GREENBERG, LLC

 __/s/ Gregg C. Greenberg_____
Gregg C. Greenberg
Maryland Fed. Bar No. 17291
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: 301-587-9373
Fax:  240-839-9142
Email:  ggreenberg@zagfirm.com

*Counsel for Plaintiff and the Classes*